UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21cv22248

YURINA LANTARON,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
AFFILIATED HEALTHCARE CENTERS INC,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
_____)

## COMPLAINT

Plaintiff, Yurina Lantaron ("Plaintiff" and/or "Yurina"), by her counsel, sues Defendant, Affiliated Healthcare Centers Inc., ("Defendant" and/or "Affiliated Healthcare"), and pleads as follows:

## NATURE OF THE ACTION

1. This is an action under the Pregnancy Discrimination Act of 1978, as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k) to correct unlawful employment practices on the basis of sex, as well as, to provide appropriate relief to Plaintiff. Specifically, Plaintiff alleges that Defendant engaged in unlawful acts which included, but were not limited to, discrimination, harassment and retaliatory termination based upon the Plaintiff's sex, female, and a condition related to her sex (Pregnancy).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.SC. § 2000e et.seq. and e-5(f)(1) and (3) ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, the Pregnancy Discrimination Act of 1978 ("PDA"), as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e(k) and the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.* (2014) ("FCRA"). In addition, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

## THE PARTIES

4. At all relevant times, Plaintiff was an adult female resident of Miami Dade County in the State of Florida. She was employed by Defendant in Miami Dade County, Florida.

5. At all relevant times, Defendant has continuously been a Florida corporation registered in Florida as a foreign corporation and doing business in the state of Florida, with its principal place of business in the city of Miami, Florida and has continuously had at least twenty-five (25) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of sections 701(b), (g) and (h) of Title VII, 42 S.C. §§ 2000e(b), (g) and (h) and as amended by the PDA and FCRA.

7. All conditions precedent to the institution of this action have been fulfilled. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff filed a charge with the U.S. Equal Employment Opportunity commission (the "Commission") alleging violations of Title VII by Defendant. A notice of Right to Sue was issued by the Commission on April 12, 2021. (Copies of the Charge and Notice of Right to sue are attached hereto as **Composite Exhibit "A."**

## STATEMENT OF CLAIMS

8. Beginning on or about September 2, 2015 and through approximately January 14, 2016, Defendant engaged in an unlawful employment practice at its Miami, Florida facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by willfully discharging Plaintiff on the basis of her sex, female (pregnancy), as more fully set forth below.

9. Plaintiff is a female and was an employee of Defendant within the meaning of 42 U.S.C. §2000(e) et. seq. and is member of a protected class.

10. On or about June 15, 2015, Defendant hired Plaintiff as a Billing Clerk at Defendant's Miami, Florida office.

11. On or about September 2, 2015, Plaintiff learned that she was pregnant.

12. On or about September 2, 2015, Plaintiff notified Defendant of her pregnancy. Specifically, Plaintiff informed Ashley Galano ("Galano") who was Plaintiff's direct supervisor.

13. Likewise, Plaintiff notified Supervisor Rick Somobbia ("Somobbia") of her pregnancy on or about September 2, 2015.

14. Upon advising Defendant that she was pregnant, Plaintiff was subjected to adverse employment actions, as Somobbia immediately began harassing Plaintiff by, inter alia, making inappropriate comments related to Plaintiff's pregnancy and attempting to coerce Plaintiff to resign.

15. On or about September 2, 2015, Somobbia told Plaintiff that, "Being pregnant is a disease."

16. On or about November 17, 2015, Plaintiff began experiencing health complications. Specifically, Plaintiff vomited several times while at work and experienced strong cramps. Considering Somobbia's negative attitude/actions towards Plaintiff's pregnancy, Plaintiff continued working through her shift as she was frightened to ask Somobbia for any work accommodations.

17. Later that same day, Plaintiff's cramps worsened to the point where she had to leave work eleven (11) minutes early. Plaintiff was rushed to the hospital, where she was told that she was having contractions.

18. On or about November 18, 2015, Plaintiff informed Somobbia that she would be unable to work as her pain had become so bad that she could not walk.

19. Upon returning to work, Somobbia harassed Plaintiff by asking her to sign a document, alleging that it would allow her to collect unemployment. Plaintiff refused to sign said document, as Somobbia refused to allow Plaintiff an opportunity to read said document before signing.

20. Somobbia continued harassing Plaintiff by repeatedly asking her to sign the aforementioned document without reading/reviewing. Somobbia's requests made Plaintiff very uncomfortable as Plaintiff was aware of a former pregnant employee who signed a similar document, without an opportunity to review, and who was discharged without unemployment benefits.

21. Additionally, Plaintiff was overburdened at work as the billing department was understaffed, mostly due to Somobbia's decision to replace the front desk supervisor (Amanda

Garcia), with an employee from the billing department. Specifically, the front desk supervisor had to be replaced because Somobbia pushed her to quit when he found out she was pregnant.

22. As per her Doctor's instructions, Plaintiff requested work accommodations, such as being brought down to part time work. Somobbia responsed, saying "pregnant people can't work" … "start applying for unemployment benefits."

23. On or about January 7, 2016, Plaintiff informed Somobbia that she needed work accommodations, as she had developed sciatic nerve pain from working prolonged hours during a difficult preganancy. Somobbia responded, saying that he did not care and that there would be no special treatment for anyone.

24. Plaintiff also requested to be brought down to part time as her pregnancy was considered high risk and she feared that working full time was placing her and her baby's health in danger. Somobbia denied Plaintiff's request, telling Plaintiff that she needed to work all the hours he had hired her to work or that she needed to quit.

25. Somobbia continued to take the position that if Plaintiff needed any accommodations because of her pregnancy, she should quit and sign a document that would give her unemployment benefits. Somobbia was insistent that Plaintiff could not read sign the aforementioned before signing.

26. On or about January 14, 2016, Defendant, through Somobbia, terminated Plaintiff's employment.

27. Defendant knew at the time of Plaintiff's termination that she was pregnant and terminated her employment because of her pregnancy.

28. Prior to notifying Galano or Somobbia about her pregnancy, Plaintiff was not informed of any issues related to the performance of her job. Plaintiff performed her job satisfactorily.

29. Plaintiff was discharged without warning by Somobbia. Plaintiff's discharge occurred after Defendant had attempted to constructively discharge Plaintiff on multiple occasion since becoming aware that plaintiff was pregnant.

30. Defendant discharged Plaintiff because of her sex, female, as manifested by her pregnancy.

31. Plaintiff, because she was pregnant, was treated less favorably by Defendant than similarly situated individuals outside her protected class, non-pregnant female employees.

32. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

33. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

## COUNT I
## VIOLATION OF THE PDA AS AMENDED BY TITLE VII

34. Plaintiff realleges and incorporates herein all of the allegations set forth in paragraphs 1-33 above as if set forth herein.

35. On or about September 2, 2015, Plaintiff notified Defendant, through Somobbia and Galano, of her pregnancy.

36. Plaintiff was qualified to perform the essential functions of her job as evidenced by the fact that Plaintiff was not informed of any issues related to the performance of her job.

37. On or about January 14, 2016, Defendant terminated Plaintiff's employment.

38. Defendant knew at the time of Plaintiff's termination that she was pregnant.

39. Defendant discharged Plaintiff because of her sex, female, as manifested by her pregnancy.

40. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female, as manifested in her pregnancy.

41. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

42. As a result of Defendants violation, Plaintiff suffered and continues to suffer from lost income, lost fringe benefits, expenses incurred in searching for replacement employment, and additional education, pain and suffering, mental anguish and emotional distress, and other damages permitted by law as more fully set forth in her prayer for relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, YURINA LANTARON, respectfully request that this Court:

A. Find Defendant's actions toward Plaintiff to be in violation of her rights under the PDA, Title VII, and the FCRA;

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against employees on the basis of sex, including pregnancy;

C. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices;

D. Order Defendant to make Plaintiff whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement or front pay in lieu thereof, and lost and/or reduced employee benefits;

   E. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, medical expenses, job search expenses, and any other pecuniary losses, in amounts to be determined at trial;

   F. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

   G. Order Defendant to pay Plaintiff punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

   H. Award Plaintiff her costs of this action, including reasonable attorneys' fees under 42 U.S.C.A. § 2000e-5; Fla. Stat. § 760.11 (2004); and 42 U.S.C.A. §§ 12203 and 12205; and pre-judgment interest, and;

   I. Grant such further relief as the Court deems necessary and proper in the public's interest.

## JURY TRIAL DEMAND

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

Dated: June 18, 2021

*/s/ David M. Fraguio*
**JOSÉ A. SOCORRO, ESQ.**
Florida Bar No.: 011675
**DAVID M. FRAGUIO, ESQ.**
Florida Bar No.: 1016475
AZOY SOCORRO, LLP
*Attorneys for Plaintiff*
2020 Ponce de Leon Blvd.,
Suite 1008
Coral Gables, Florida 33134
Tel: (305) 340-7542
Fax: (305) 418-7438
Email: jose@azoysocorro.com;
david@azoysocorro.com